**Oscar E. Sanchez, Esq.**
ATTORNEY AT LAW

**SANCHEZ & ASSOCIATES**

MEMO ENDORSED

November 23, 2019

<u>**VIA ECF**</u>

Honorable Edgardo Ramos
United States District Court
   for the Southern District of New York
40 Foley Square
New York, NY 10007

> This motion is STAYED pending resolution of the same motion in the related case Lopez v. 3662 Broadway Restaurant Corp., 19 Civ. 975, Doc. 24.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: Nov. 25, 2019
> New York, New York

Re:   Alfredo Garcia, et al v. 3662 Broadway Restaurant Corp. et al
        19 Civ. 08297 (ER)

Dear Judge Ramos:

    We represent defendants 3662 Broadway Restaurant Corp. (d/b/a Taqueria San Pedro) and Albertico Chavez in the above-reference matter, and are writing to respectfully request that the Court issue an order for an automatic stay for the aforementioned action.

    On November 20, 2019, defendant Albertico Chavez filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 13 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the case *In re Albertico Chavez*, Case No. 19-13736-cgm. Attached is Doc. No. 23 - Suggestion of Bankruptcy of Defendant and Notice of Bankruptcy Case Filing. The corporate defendant 3662 Broadway Restaurant Corp. is wholly-owned by Mr. Chavez.

    It is the corporate defendant's position the stay also applies to this defendant because it is wholly owned by Mr. Chavez, and an adjudication of a claim against this corporation will have an immediate adverse economic impact on Mr. Chavez's bankruptcy estate. *Queenie, Ltd. v. Nygard*, 321 F.3d 283 (2d Cir. 2003). In *Queenie*, the Second Circuit Court of Appeals applied the automatic stay imposed by an individual's chapter 11 filing to a non-debtor corporation wholly owned by the individual, Gardner, on the basis that "adjudication of a claim against the corporation will have an immediate adverse economic impact on Gardner." *Id.* at 288. The action at issue in *Queenie* was the appeal by Gardner and his wholly-owned corporation, Queenie, Ltd., of an adverse judgment against them. However, district courts have reached different conclusions when the individual debtor files bankruptcy under chapter 13 of the Bankruptcy Code. As the district court stated in *M.E.S., Inc. v. M.J. Favorito Electronic, Inc.*, U.S. Eastern District of New York, Case. No.: 08-CV-183 (JG) (JMA) (decided on March 15, 2010):

> One bankruptcy court has stated that the automatic stay resulting from a Chapter 13 petition, as opposed to a Chapter 11 or Chapter 7 petition, cannot extend to an LLC co-defendant owned by the petitioner. *In re McCormick*, 381 B.R. 594, 601-

**Oscar E. Sanchez, Esq.**
ATTORNEY AT LAW

**S**ANCHEZ & **A**SSOCIATES

02 (Bankr. S.D.N.Y. 2008). I respectfully disagree. I see no basis for interpreting § 362(a)(1) differently depending on the form of bankruptcy protection the debtor has applied for, or for limiting *Queenie*'s reach to corporations, as opposed to LLCs.

*M.E.S., Inc.*, on Page 5, Footnote 3.

We have attached *M.E.S., Inc.* and *In re McCormick* to this letter motion. Thank you for your consideration of this matter.

Respectfully,

s/*Oscar E. Sanchez*
Oscar E. Sanchez

Enclosures

cc: John M. Gurrieri, Esq. (via ECF)
Law Office of Justin A. Zeller, P.C.
277 Broadway, Ste. 408
New York, NY 10007-2036