# SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Plaintiff ALFREDO GARCIA ("Plaintiff") on the one hand, and ALBERTICO CHAVEZ, (the "Individual Defendants"), and 3662 BROADWAY RESTAURANT CORP. (the "Corporate Defendants") on the other hand, (collectively referred to as the "Litigation Defendants"), jointly and severally, their parents, subsidiaries, divisions, affiliates, successors, and related companies, and the officers, directors, shareholders, agents, trustees, employees, attorneys, and representatives of all of them (hereinafter referred to collectively as "Defendants" or "Company" or "Corporation").

WHEREAS, Plaintiff alleges that he worked for Defendants as employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 19 CV 8297 (SDA) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

WHEREAS, Defendants deny all claims and allegations asserted by Plaintiff and deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: The Defendants will pay a total of $28,000.00 to be paid as follows:

    a. Upon execution and before Plaintiff moves for dismissal of this action and for an order approving the agreement as fair, Defendants will pay:

        i. One cashier's check payable to Alfredo Garcia in the gross amount of $4,923.95;
        ii. One cashier's check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $3,076.05, representing attorneys' fees and costs.

    b. Within 30 days of dismissal of this action and approval of this settlement agreement as fair, Defendants will pay:

        i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
        ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

c. Within 90 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

   i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
   ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

d. Within 120 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

   i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
   ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

e. Within 150 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

   i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
   ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

f. Within 180 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

   i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
   ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

g. Within 210 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

   i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
   ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

h. Within 240 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

   i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
   ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

i. Within 270 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

      i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
      ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

j. Within 300 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

      i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
      ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

k. Within 330 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

      i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
      ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

l. Within 365 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

      i. One check payable to Alfredo Garcia in the gross amount of $1,025.82;
      ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.85, representing attorneys' fees and costs.

m. Within 395 days of dismissal of this action and approval of this settlement agreement as fair, the Defendants will pay:

      i. One check payable to Alfredo Garcia in the gross amount of $1,049.65;
      ii. One check payable to the Law Office of Justin A. Zeller, P.C. in the amount of $640.78, representing attorneys' fees and costs.

Each side shall bear its own fees and costs.

Payments made by the Defendants will accompanied by a 1099.

Each payor under this agreement and each recipient of a payment under this agreement will be responsible for all taxes that he is legally responsible to pay as a result of this agreement.

    3. <u>Breach</u>: In the event Plaintiff does not receive the settlement payment from a Defendant, the Court shall retain jurisdiction to enforce the terms of this agreement and by letter motion by counsel for Plaintiff, Plaintiff may seek to enter judgment against the defaulting defendant for $60,000.00 minus amounts paid. However, Plaintiff agrees to extend a five (5) business day grace period in the event that a payment is not received by its due date. Notification

of a failure to make a payment must be promptly provided by Plaintiff to Oscar Sanchez, Esq., by e-mail to oscar@sanchezllc.com and alberticochavez1@gmail.com.

4. <u>Release and Covenant Not To Sue</u>: Plaintiff, on behalf of himself, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquish, release, and waive all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against each of the Defendants and their (as applicable) respective, parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, or their current or former trustees, representatives, employees, agents, attorneys, shareholders, officers, directors, and sole proprietors (the "Releasees"), based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violation of the Fair Labor Standards Act (the "FLSA") and/or the New York Labor Law ("NYLL"), Federal and New York State labor regulations of any kind, and arising under New York Wage Theft Prevention Act.(c) arising under any actual or allege express or implied contract, or under any common law or for any tort, in regard to work hours overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby. This waiver and release includes all claims described above either presently known or unknown by Plaintiff. (The above shall be collectively referred to as "Released Claims").

5. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. <u>Return of all Property</u>: Plaintiff represents that he has returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, and processes of the Company, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

7. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

8. <u>Acknowledgment</u>: Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in

accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties' consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiff's full return to Defendants of the full Settlement Amount paid under this Agreement.

11. <u>Release Notification and Withdrawal</u>:

    a. Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they make this decision after careful thought, and after an opportunity to consult with their attorneys.

    b. Plaintiff acknowledges that he has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that they fully understand and agree to all of its terms.

12. <u>Counterparts:</u> To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____         _____

                                                    ALFREDO GARCIA

Dated: 8/25/2022         *Albertico Chavez*
                                             ALBERTICO CHAVEZ (on behalf of himself and 3662 Broadway Restaurant Corp.)

5

accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties' consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

10.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiff's full return to Defendants of the full Settlement Amount paid under this Agreement.

11.  Release Notification and Withdrawal:

a.  Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that they make this decision after careful thought, and after an opportunity to consult with their attorneys.

b.  Plaintiff acknowledges that he has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that they fully understand and agree to all of its terms.

12.  Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 9/16/22

_____
ALFREDO GARCIA

Dated: _____

_____
ALBERTICO CHAVEZ (on behalf of himself and 3662 Broadway Restaurant Corp.)

5